# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| LEI AFATASI,<br><br>            Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, INC., et al.,<br><br>            Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:11-CV-249-TC |

This matter comes before the court on Defendant SkyWest Airlines, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings (Docket No. 12). The court has determined that oral argument on the motion would not assist it in deciding the issues raised by the motion. Accordingly, the hearing scheduled for Wednesday, November 2, 2011, at 2:30 p.m. is hereby STRICKEN and the court hereby rules on SkyWest's motion.

**Background**

Plaintiff Lei Afatasi lost her job at SkyWest Airlines. Based on the termination of her employment, she asserts four causes of action against SkyWest: (1) violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615(a)(1), through interference with the exercise of her rights under the Act; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) intentional infliction of emotional distress.

In SkyWest's Motion for Judgment on the Pleadings, SkyWest seeks dismissal with prejudice of all four claims on the basis that: (1) Ms. Afatasi's FMLA claim fails because she did

not provide the necessary medical certification to qualify for leave under the Act; (2) Ms. Atafasi was an at-will employee and the company's policy manual did not create an implied contract of employment between her and SkyWest; (3) her claim for breach of the implied covenant fails because no contract exists; and (4) her claim for intentional infliction of emotional distress is (a) barred by the Utah Worker's Compensation Act and (b) fails to state a claim because the alleged actions of SkyWest are not outrageous and intolerable as a matter of law (i.e., they do not offend generally accepted standards of decency and morality).

Having reviewed the pleadings, the court finds them problematic. Certain deficiencies in the pleadings hinder the court's ability to make a fully informed decision on all but one of the claims.

First, the parties confuse and conflate the standards for a 12(c) motion for judgment on the pleadings and a 56(c) motion for summary judgment. They discuss whether material issues of fact exist and rely on documents and facts outside the pleadings, e.g., Ms. Afatasi's FMLA application (including her doctor's medical certification) and SkyWest's policy manual. The court declines to convert the motion to one for summary judgment, in part because the documentation currently before the court is too sparse to support any summary judgment decision. See GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997) (discussing when court may convert motion to dismiss to motion for summary judgment); David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996) (same). The court recognizes that case law allows the court to consider the documents without converting the motion if the court finds that Ms. Afatasi referred to them in the complaint and the documents are central to Ms. Afatasi's claims. GFF Corp., 130 F.3d at 1384 ("if a plaintiff does not incorporate

2

by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."). But the documents discussed in the pleadings go beyond what is referenced in the Complaint. Accordingly, this approach is not available to the court either.

Second, the analysis in the pleadings is incomplete. In particular, the parties do not address the necessary elements of a FMLA interference claim under 29 U.S.C. § 2615(a)(1). In addition, the contract issues are not fully developed in the briefs under the Rule 12(c) standard.

The only claim that the court finds sufficiently briefed is the Intentional Infliction of Emotional Distress claim.

**Intentional Infliction of Emotional Distress**

Under Utah law, "a claim of emotional distress is actionable if defendant intentionally engages in conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; and his actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality." Sperber v. Galigher Ash Co., 747 P.2d 1025, 1028 (Utah 1987) (internal citation omitted). The Utah Supreme Court in Sperber held that "[m]ere discharge from employment does not constitute outrageous or intolerable conduct by an employer. . . Nor does the additional fact that plaintiff was given a false reason for his dismissal . . . ." Id. For the same reasons noted in Sperber, Ms. Afatasi's claim does not rise to the level of outrageousness contemplated by the Utah courts. It is dismissed with prejudice.

**ORDER**

For the foregoing reasons, SkyWest Airlines, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED IN PART AND DENIED IN PART. Specifically, Ms. Afatasi's claim for Intentional Infliction of Emotional Distress is DISMISSED WITH PREJUDICE, and the remainder of the motion concerning Ms. Afatasi's FLMA and contract claims is DENIED WITHOUT PREJUDICE. The parties are free to re-address the claims in a renewed motion for judgment on the pleadings or in a summary judgment motion. It is further ordered that the November 2, 2011 HEARING at 2:30 is HEREBY STRICKEN.

DATED this 27th day of October, 2011.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge